UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID ARISTE,

      Petitioner,

v.

BRUCE DAVIS, et al.,

      Respondent.

Civ. No. 18-14974 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

Petitioner, David Ariste, is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 1.) Now before the Court are Petitioner's motions to file an amended petition and motion for a stay. (DE 10; DE 11.) For the reasons set forth below, both motions will be granted.

**I.      BACKGROUND**

On October 15, 2018, Petitioner filed a § 2254 petition challenging his convictions in state court for murder, attempted murder, and weapons offenses. (DE 1.) In his petition, he raised four grounds for relief: (1) his Confrontation Clause rights were violated by the State's use of hearsay testimony; (2) the State utilized improper expert witness testimony; (3) the trial court erred in providing a flight charge to the jury; and (4) trial counsel was ineffective for failing to communicate a plea offer to Petitioner, for failing to provide a copy of discovery to Petitioner, and for pressuring Petitioner to proceed to trial. (*Id.* at 4–9, 16.) On February 22, 2019, Respondents submitted an answer opposing the petition. (DE 7; DE 8.) Petitioner did not file a reply.

In October 2019, Petitioner filed a motion to amend his petition to add a new ground for relief, and a motion for a stay to exhaust that claim in state court. (DE 10; DE 11.) The new claim

1

Petitioner seeks to add is titled, "Motion for a New Trial Based on Newly Discovered Evidence." (DE 10-1 at 9.) In the supporting facts, Petitioner alleges that he recently discovered that his trial counsel was disbarred for essentially the same reasons that Petitioner alleged counsel had been ineffective. (*Id.*) Petitioner states that this demonstrates a pattern of ineffective assistance. (*Id.*) Respondents oppose Petitioner's motion to amend, arguing that his newly asserted claim does not relate back to the original habeas petition and, thus, is time-barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (DE 12 at 1.)

## II.   DISCUSSION

### A.  Motion to Amend

Under Federal Rule of Civil Procedure 15, which is also applicable to habeas petitions, a petitioner may amend his petition at any time with "leave of court." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A court is instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has articulated the following policy regarding amendments under Rule 15:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendments that are made after the statute of limitations, however, must "relate back" to the original pleading. *See United States v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019); *see also* Fed. R. Civ. P. 15(c)(2). The relevant statute of limitations for habeas corpus proceedings is governed by AEPDA. *See id.* AEDA provides that habeas petitions must be filed within one year

2

of the date on which the conviction becomes final. 28 U.S.C. § 2244(d). A conviction may become "final" under AEDPA on "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Any time during which a petitioner files an application for state post-conviction relief tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).

Here, the statute of limitations did not begin to run until after Petitioner's application for post-conviction relief was denied by the New Jersey Supreme Court on October 16, 2017. *See State v. Ariste*, 171 A.3d 1253 (N.J. 2017). Thus, Petitioner had until October 16, 2018 to file his habeas petition. His motion to amend, filed on October 9, 2019,[1] was therefore outside the statute of limitations and Petitioner's proposed amended petition must "relate back" to his original petition.

An amendment is deemed to "relate back" as long as the "original and amended petitions state claims that are tied to a common core of operative facts[.]" *Mayle*, 545 U.S. at 664; *see also Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009). "An untimely claim 'does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Whitaker v. Superintendent Coal Twp. SCI*, 721 F. App'x 196, 201 (3d Cir. 2018) (quoting *Mayle*, 545 U.S. at 650)). In explaining this relation-back theory, the United States Court of Appeals for the Third Circuit has stated:

> In searching for a common core of operative facts in the two pleadings, courts should remain aware that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that a party who has been notified of litigation concerning a

---

[1] Under the prisoner mailbox rule, a pro se prisoner's "document is deemed filed on the date it is given to prison officials for mailing." *Moody v. Conroy*, 762 F. App'x 71, 73 (3d Cir. 2019) (internal quotation marks omitted) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 381 n.8 (3d Cir. 2011)). Here, Petitioner's amended petition states that it was placed in the prison mailing system on October 9, 2019. (DE 10-1 at 12.)

3

> particular occurrence has been given all the notice that statutes of limitations were intended to provide. Thus, only where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed. For example, we have held that amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction, or occurrence in the preceding pleading fall within Rule 15(c) because the opposing party will have had sufficient notice of the circumstances surrounding the allegations contained in the amendment.

*Mitchell v. May*, Civ. No. 16-907, 2020 WL 1234950, at *10 (D. Del. Mar. 13, 2020) (quoting *Santarelli*, 929 F.3d at 101).

Here, Petitioner's newly asserted claim appears to relate to the common core of operative facts underlying his ineffective assistance of counsel claim. In his original habeas petition, Petitioner asserted that his trial counsel was ineffective for failing to communicate a plea offer to Petitioner, failing to provide discovery to Petitioner, and for pressuring Petitioner to proceed to trial. (DE 1 at 16.) In his new ground for relief, Petitioner states that he recently discovered that his trial attorney was disbarred for engaging in this exact type of misconduct. Although it is not entirely clear exactly *how* counsel's subsequent disbarment relates to this specific case, that is the claim. Permitting the facts of this claim to develop before the state court will likely elucidate that issue and place this Court in a better position to consider the merits, if any, of the claim. Accordingly, I will grant Petitioner's motion to amend.

### B. Motion for a Stay

Having granted Petitioner's motion to amend, I find it appropriate to grant Petitioner's request for a stay so that he can return to state court and exhaust this additional claim. Under 28 U.S.C. § 2254(b)(1), a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "(i) there is an absence of

available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). Efforts to exhaust all state remedies, however, may place a habeas petitioner in jeopardy of missing the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2241(d)(1). A court may therefore, in certain "limited circumstances," grant a protective stay of a filed habeas petition to permit a petitioner to return to state court, exhaust his unexhausted claims, and then resume the timely-filed habeas proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). The United States Supreme Court has defined the circumstances under which such a stay should be issued:

> [S]tay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant a stay when his unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277-78.

Stated another way, if a petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," a district court should grant a stay. *Id.* at 278; *accord Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013). The petitioner bears the burden of demonstrating that he is entitled to such a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008) ("a district court should allow a petitioner to stay only if he can demonstrate good cause for the failure to first exhaust his claims in state court, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in "abusive litigation tactics or intentional delay" (citing *Rhines*, 544 U.S. at 277-78)).

Here, Petitioner has good cause for his failure to exhaust: he only recently discovered that

5

his trial counsel had been subsequently disbarred for attorney misconduct. Moreover, it is clear that Petitioner is not attempting to engage in any dilatory litigation tactics, from which he would have little to gain. He expressly states that he has already filed his motion for a new trial in state court, so as to not delay his legal proceedings any further. (DE 11-2 at 2.) Finally, Petitioner's claim, if not plainly meritorious, is not plainly meritless either. The right to effective assistance of counsel is a deeply important and fundamental right. Petitioner's unexhausted claim seeks to determine whether he was prejudiced by his trial counsel's documented pattern of misconduct. Therefore, within my discretion, I will grant Petitioner a stay and provide him the opportunity to exhaust his claim in state court before seeking plenary relief in this habeas proceeding.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to file an amended petition (DE 10) and motion to for a stay (DE 11) will be granted, and this case will be administratively terminated. Petitioner shall file any request to reopen this action within thirty (30) days after the exhaustion of his claim in state court. An appropriate order accompanies this opinion.

DATED: June 29, 2020 /s/ Kevin McNulty

                                                              KEVIN MCNULTY
                                                              United States District Judge