**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID ARISTE,<br><br>Petitioner,<br><br>v.<br><br>BRUCE DAVIS and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>Respondents. | Civil Action No. 18-14974 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Respondents' motion to dismiss ("Motion") *pro se* Petitioner David Ariste's ("Petitioner") amended petition for a writ of habeas corpus ("Amended Petition") pursuant to 28 U.S.C. § 2254 on timeliness grounds. (ECF No. 23.) Petitioner opposed (ECF No. 24), and Respondent replied (ECF No. 25). The Court has considered the parties' submissions and decides this matter without oral argument pursuant Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons expressed below, Respondents' Motion is **DENIED**.

## I. BACKGROUND

On October 15, 2018, Petitioner filed his initial *pro se* § 2254 petition challenging his 2009 conviction for murder, attempted murder, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose. (*See* Habeas Br., ECF No. 1.) In his initial petition, Petitioner argued that: (1) the State's use of hearsay testimony violated his Confrontation Clause rights; (2) his conviction was obtained using improper expert witness testimony; (3) the trial court erred in

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

providing a flight charge to the jury; and (4) trial counsel was ineffective for failing to communicate a plea offer to Petitioner, for failing to provide a copy of discovery to Petitioner, and for pressuring Petitioner to proceed to trial. (*Id.* at *4–9, 16.[2]) On February 22, 2019, following an Order to Answer, Respondents filed an answer opposing Petitioner's initial petition. (First Answer, ECF No 8.)

On October 18, 2019, Petitioner moved to file an amended petition. (Mot. to Amend, ECF No. 10.) He sought to add a claim based on the newly discovered evidence that his trial counsel had been disbarred following a pattern of failing to inform his clients about the status of their cases, failing to turn over property and discovery, and failing to communicate with his clients. (Mot. to Amend at *9, ECF No. 10-1.) On the same day, Petitioner filed a motion for stay and abeyance, seeking a stay of this matter while he exhausted his newly discovered evidence claim in state court. (Mot. to Stay, ECF No. 11.) Respondents opposed, arguing that Petitioner's newly discovered evidence claim was time-barred as it did not "relate back to the original petition," because it did not "arise from the same conduct, transaction, or occurrence as any of the claims in the original petition." (Opp'n to Mot. to Amend, ECF No. 12 at 1-2.)

On June 29, 2020, the Hon. Kevin McNulty, U.S.D.J. (ret)[3] granted the motion. (*See generally* Op., ECF No. 13.) Judge McNulty found the following:

> Here, Petitioner's newly asserted claim appears to relate to the common core of operative facts underlying his ineffective assistance of counsel claim. In his original habeas petition, Petitioner asserted that his trial counsel was ineffective for failing to communicate a plea offer to Petitioner, failing to provide discovery to Petitioner, and for pressuring Petitioner to proceed to trial. [] In his new ground for relief, Petitioner states that he recently discovered that his trial attorney was disbarred for engaging in this exact type of misconduct. Although it is not entirely clear exactly how counsel's subsequent disbarment relates to this specific case, that is the claim. Permitting the facts of this claim to develop before the state court

[2] Pincites preceded by an asterisk (*) refer to CM/ECF pagination.
[3] On April 29, 2024, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 18.)

> will likely elucidate that issue and place this Court in a better position to consider the merits, if any, of the claim. Accordingly, I will grant Petitioner's motion to amend.

(*Id.* at 4.) Judge McNulty stayed this matter while Petitioner exhausted his claim in state court. (*Id.* at 6.)

On January 19, 2021, following a hearing and oral argument, the New Jersey Superior Court denied Petitioner's motion for a new trial based on newly discovered evidence. (Am. Habeas Br. ¶ 11, ECF No. 15.) The Appellate Division affirmed, (*id.* ¶ 12) and in 2023, the New Jersey Supreme Court denied Petitioner's petition for certification, (*id.* ¶ 15).

On April 23, 2024, Petitioner filed the instant Amended Petition. (*See generally id.*) Petitioner incorporated by reference the four claims in his initial petition. (*Id.* ¶ 63.) The Court ordered this matter reopened and instructed that Respondents may file a motion to dismiss on timeliness grounds or answer the Amended Petition. (Order to Reopen, ECF No. 20.) On June 23, 2025, Respondents filed their Motion, arguing that the Amended Petition is untimely. (Mot. to Dismiss, ECF No. 23.) Petitioner opposed (Pet.'s Opp'n, ECF No. 24), and Respondents replied (Resps.' Reply, ECF No. 25). The matter is now ripe for decision.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the Court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [Plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Respondents move to dismiss as untimely Petitioner's claim that trial counsel was constitutionally ineffective based on newly discovered evidence.[4] (*See generally* Mot to Dismiss.) Respondents argue Petitioner's newly discovered evidence claim does not relate back to his initial October 12, 2018 habeas petition, is therefore untimely, and should be dismissed (*Id.* at 1.) Petitioner opposes, arguing Judge McNulty decided the issue in June 2020, finding that the newly discovered evidence claim related back to the initial petition. (*See* Pet.'s Opp'n.) The Court agrees. Judge McNulty already decided this matter. Respondents' motion to dismiss, which invites this

---

[4] Although Respondents indicate that they are "moving to dismiss the Amended Petition for Habeas Corpus," Respondents' move only for dismissal of Petitioner's claim that trial counsel was constitutionally ineffective based on newly discovered evidence that counsel was disbarred for the same conduct Petitioner alleges in his initial ineffective assistance claims. (*See generally* Mot to Dismiss.) As noted above, the Amended Petition incorporated by reference the four claims raised in his initial petition. Respondents' Motion does not address the timeliness of those claims.

Court to undo Judge McNulty's ruling, is really a motion for reconsideration. That motion is denied.

As noted above, Petitioner's first habeas petition argued trial counsel was ineffective for failing to communicate a plea offer to Petitioner, provide a copy of discovery to Petitioner, and for pressuring Petitioner to proceed to trial. (Habeas Pet. at *16.) Petitioner later moved to file an amended petition, seeking to add a newly discovered evidence claim that trial counsel had been disbarred following a pattern of failing to inform his clients about the status of their cases, failing to turn over property and discovery, and failing to communicate with his clients. (Mot. to Amend at *9.) Respondents opposed, arguing the newly discovered evidence claim did not "relate back to the original petition" because it did not "arise from the same conduct, transaction, or occurrence as any of the claims in the original petition." (Opp'n to Mot. to Amend at *1–2.) Judge McNulty granted Petitioner's motion to amend, ruling the newly discovered evidence claim appeared to relate to the common core of operative facts underlying his ineffective assistance of counsel claim. (Op. at 4.)

Respondents again argue that Petitioner's newly discovered evidence claim does not relate back to the filing of Petitioner's initial habeas petition. (*See* Mot. to Dismiss.) This time, however, they assert the New Jersey Supreme Court Disciplinary Review Board recommended trial counsel be disbarred on August 19, 2013, five years before Petitioner filed his initial petition. (*Id.* at 4–5.) Respondents claim the Supreme Court recommended disbarment based on issues taking place between 2010 and 2012, after trial counsel stopped representing Petitioner on October 29, 2009. (*Id.* at 4–5, 7–8.) Therefore, Respondents argue trial counsel's 2013 disbarment has nothing to do with representing Petitioner from 2006 to 2009, and the newly discovered evidence claim "seeks

to introduce facts that are distinct in both time and type, as they pertain to trial counsel's conduct in unrelated cases." (*Id.* at 7–11.)

Respondents' Motion fails to discuss Judge McNulty's prior ruling granting Petitioner's motion to amend and finding that Petitioner's newly discovered evidence claim related back to the initial habeas petition. (*See generally* ECF No. 23.) Respondents now argue, for the first time in reply, that Petitioner failed to provide Judge McNulty with a copy of the Disciplinary Review Board decision, despite it having been released on August 29, 2013, nearly seven years before Judge McNulty's June 2020 decision. (ECF No. 25 at 3.) Respondents claim Judge McNulty's decision was based only on Petitioner's representations about the Disciplinary Review Board decision, not the actual decision. (*Id.* at 4.)

Because Respondents ask the Court to essentially reverse Judge McNulty's earlier decision finding the newly discovered evidence claim related back to the initial petition, their motion is one for reconsideration. "The purpose of a Motion for Reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Lab'ys Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or, (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See Howard Hess Dental*, 602 F.3d at 251 (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

As Respondents' Motion does not address Judge McNulty's 2020 decision, they do not meet the standard for reconsideration. Respondents do not argue that there has been an intervening

change in controlling law or a clear error of law. (*See* Mot. to Dismiss.) Rather, for the first time in their reply to Petitioner's opposition, Respondents argue that in 2020, Petitioner failed to provide Judge McNulty with the 2013 Disciplinary Review Board decision and Judge McNulty's decision was based only on representations made by Petitioner. (*See* ECF No. 25.) Respondents submit that the Disciplinary Review Board's decision does not support Petitioner's earlier representation to Judge McNulty. (*Id.*)

But an argument raised for the first time in a reply brief is waived. *United States v. Heilman*, 377 F. App'x 157, 188 (3d Cir. 2010). In any event, Respondents' argument lacks merit. When Respondents opposed Petitioner's motion to amend in 2020, they could have supported their position by providing Judge McNulty with a copy of the Disciplinary Review Board's 2013 decision. They did not. Respondents fail to explain to the Court why they did not make these arguments earlier, nor do they explain why the Court should revisit Judge McNulty's earlier decision when the Disciplinary Board's decision was presumably available to Respondents all along. Respondents seek the opportunity to raise an argument they already made with evidence they had available the first time.

Judge McNulty granted Petitioner's motion to amend and stayed this matter. Petitioner then spent four years exhausting his newly discovered evidence claim in in the state courts. The Court will not now, based on evidence available to Respondents in 2020, reconsider Judge McNulty's decision to allow the amendment of Petitioner's petition to include a claim that he has since spent years exhausting in state court. *See Carroll v. Manning*, 414 F. App'x. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof [that] appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."). As such, Respondents' Motion is denied.

## IV. CONCLUSION

For the reasons stated above, Respondent's Motion (ECF No. 23) is **DENIED**. An appropriate order follows.

**Dated: 1/9/2026**

HONORABLE JULIEN XAVIER NEALS
United States District Judge